IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 7:25-cr-1143-TMC |
| | ) | |
| v. | ) | |
| | ) | |
| **CHARLES WRIGHT;** | ) | |
| **AMOS DURHAM; and,** | ) | |
| **LAWSON B. WATSON** | ) | |

**Government's Motion to Partially Redact
Victim Impact Statement**

The Government respectfully moves this Court, at the victim representative's request, for an order partially redacting Spartanburg County's amended victim impact to protect the personal privacy of two victim representatives, all as described below.

The defendants are pending sentencing before this Court, and Spartanburg County is a victim of the financial fraud scheme in this case. On March 23, 2026, the Government filed the county's victim impact statement under seal. ECF No. 57. That version was unsigned, and it provided no indication as to whether the authors were duly authorized representatives of the county.

The Court reviewed the statement as filed and ordered it be unsealed after balancing the public's interest in criminal case sentencing documents with crime victims' rights under 18 U.S.C. § 3771(a)(8). ECF No. 66. The Court also rightly observed that the statement gave no indication as to who wrote the statement, and it provided no basis to conclude that the authors were representatives of the county. *Id.* The Government was directed to obtain an amended impact statement correcting that deficiency, and the Court further directed that any amended statement would not be filed under seal without Court approval. *Id.*

The Government then obtained an amended impact statement from Spartanburg County, which provides the personal name, office, and signature of two duly authorized representatives of

the county.  Upon receipt, the Government provided the amended statement to all parties and U.S. Probation.  In its text order, the Court cited the right of victims to be treated with privacy and dignity pursuant to the Crime Victims' Rights Act when considering whether sealing was appropriate.  ECF No. 66, *citing* 18 U.S.C. § 3771(a)(8).  When the Government consulted with Spartanburg County, they indicated that their preference is for their personal names and job titles to be redacted in the filing on the public docket to protect their personal privacy, so that the signature block would appear on the public docket, if approved by the Court, as follows:



Victim:

Respectfully submitted by:

Spartanburg County

Duly Authorized Representative of Spartanburg County          Duly Authorized Representative of Spartanburg County

The victim representatives submit that their personal privacy is the compelling interest that could be protected only by the modest redaction of their name and office.  *See In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)* (requiring a compelling interest that would be harmed, with no other alternative, to justify sealing).  In their personal capacity, they remain members of the community affected, where the defendants served in public office for many years, and they have asked for this accommodation to protect their personal privacy.  The relief sought would not prejudice the defendants in that all parties have been provided with the amended statement in full, allowing the defendants to prepare for this aspect of sentencing.  And with that, parties and the Court are able to examine the statement's foundation to conclude whether the signatories represent authorized representatives of the county.  The public's deprivation of access is minimal, and the Government respectfully submits that the personal privacy of the victim representatives outweighs the limited deprivation of access.  Defendants consent to this request, if the Court is comfortable with the relief sought.

The Court has the inherent authority to partial seal documents. *See Baltimore Sun v. Goetz*, 886 F. 2d 60 (4th Cir. 1988); and *In re Application of the United States for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F. 3d 283 (4th Cir. 2013). Together with this submission, the Government will provide chambers: (1) the amended impact statement, which the Government proposes to be filed under seal, and (2) the version with the two redaction boxes as depicted above, which the Government proposes to be filed publicly.

Given the above, the Government respectfully moves this Court, at the victim representative's request, for an order directing that Spartanburg County's amended victim impact statement be partially redacted to protect the personal privacy of two victim representatives, all as described above.

<div style="margin-left:40%">

Respectfully submitted,

BRYAN P. STIRLING
UNITED STATES ATTORNEY

BY: s/*Elliott B. Daniels*
Elliott B. Daniels (Fed. No. 11931)
Assistant United States Attorney
United States Attorney's Office
1441 Main Street, Suite 500
Columbia, SC 29201
Telephone (803) 929-3000
Fax: (803) 254-2943
Elliott.Daniels@usdoj.gov

</div>

June 5, 2026